Slip Op. 11 - 153

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| OPTIMUS, INC., d/b/a MARKYS CAVIAR, | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| UNITED STATES, | : | Court No. 11-00152 |
| Defendant. | : | |

**OPINION**

[On challenge for refund of retaliatory import duties, after settlement in part, motion to dismiss remainder of action construed as partial and granted as to time-barred entries.]

Decided: December 9, 2011

*Peter S. Herrick*, P.A. (*Peter S. Herrick*), for the plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Michael D. Panzera*), and Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection (*Yelena Slepak*), of counsel, for the defendant.

Musgrave, Senior Judge:  This action pursuant to 28 U.S.C. § 1581(i) seeks refunds of retaliatory duties assessed on imports subject to *Implementation of WTO Recommendations Concerning EC-Measures Concerning Meat and Meat Products*, 64 Fed. Reg. 40638, 40639 (USTR July 27, 1999) ("*EC-Measures*").  Optimus, Inc. filed its summons and complaint against U.S. Customs and Border Protection ("Customs") on May 17, 2011, one hundred and sixty-two days after issuance of the appellate mandate on *Gilda Industries, Inc. v. United States*, 622 F.3d 1358 (Fed. Cir. 2010) affirming that the existing retaliatory action terminated by operation of law on July 29, 2007.

Thereafter, pursuant to 19 U.S.C. § 1520(a)(1), the parties stipulated to entry of judgment for refunds of retaliatory duties on entries of merchandise made after July 29, 2007 and liquidated (or remaining unliquidated) after May 20, 2009 (a Wednesday).

The government now moves to dismiss for lack of jurisdiction over the entries that remain herein, *i.e.*, those liquidated prior to May 20, 2009 ("remaining entries"),[1] arguing that they are time-barred.

Optimus avers it was unaware it could challenge the retaliatory duty payments until it was so advised by its customs brokers and argues its claim did not "finally" accrue until the mandate in *Gilda*. Pl.'s Resp. at 3-4 (referencing *United States v. Commodities Export Co.*, 972 F.2d 1266, 1270 (Fed. Cir. 1992 (noting that a cause of action accrues only when "all events" necessary to state the claim or fix the alleged liability of the government have occurred). Collection of retaliatory duties is merely ministerial, contends Optimus, and therefore there is no basis for denying the remaining retaliatory duty refunds.

In other words, Optimus essentially argues the dates of liquidation are irrelevant for purposes of this claim. The dates of liquidation, however, are relevant to this matter.

Optimus invokes jurisdiction pursuant to 28 U.S.C. § 1581(i),[2] and "[a] civil action of which the Court of International Trade has jurisdiction under section 1581 of this title, other than

---

[1] The correct date should have been May 17, 2009, but the court is informed no liquidations are affected by the partial settlement agreement oversight. Judgment is therefore on the papers presented.

[2] Judicial review pursuant section 15881(i) is governed by 5 U.S.C. § 706. *See* 28 U.S.C. § 2640(e). "Agency action" under section 706 review will be "h[e]ld unlawful and set aside" if the findings and conclusions are found to be, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

an action specified in subsections (a)-(h) of this section, is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). Further, "[t]he basic rule is that the clock of a statute of limitations begins to run from the date the plaintiff's cause of action 'accrues' . . . [and] stops on the date that the plaintiff files his complaint in a court of proper jurisdiction." *Hair v. United States*, 350 F.3d 1253, 1260 (Fed. Cir. 2003) (citation omitted). For purposes of 28 U.S.C. § 1581(i) and U.S.C. § 2636(i), thus, a cause of action begins to accrue when a claimant has, or should have had, notice of the final agency act or decision being challenged. *See*, *e.g., Pat Huval Restaurant & Oyster Bar, Inc. v. United States*, 32 CIT __, 547 F. Supp. 2d 1352 (2008).

Given that Optimus is challenging pursuant to 28 U.S.C. § 1581(i) the authority of Customs to assess retaliatory duties in accordance with the then-current annex to *EC-Measures*, the event that triggered the accrual of Optimus's claim was not issuance of the mandate in *Gilda* but Customs' liquidation. *See* 19 U.S.C. § 1514; 19 C.F.R. § 159.1 (liquidation means "the final computation or ascertainment of the duties (not including vessel repair duties) or drawback accruing on an entry"). *Cf.*, *e.g.*, *Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1370 (Fed. Cir. 2008) (liquidation as "a final challengeable event in Customs' appraisal process"); *Juice Farms, Inc. v. United States*, 18 CIT 1037, 1040 (1994) (importers bear burden of checking for posted notices of liquidation and protesting in timely manner). Even prior to final assessment of retaliatory duties, Optimus was on notice that those duties were being imposed; yet Optimus did not challenge such imposition or seek injunction to prevent the entries' liquidations.

Further, Optimus provides no support for the argument that judicial review of another party's challenge somehow "tolls" or "suspends" the accrual of its own cause of action, and it did not file this action within two years of the relevant date(s) of liquidation of the remaining entries in accordance with 28 U.S.C. § 1581(i). *Gilda*, as the controlling legal precedent, may effect the outcome as to particular entries of this case, but the accrual of Optimus's cause of action did not depend upon issuance of *Gilda*'s mandate because the accrual of a claim is not affected by a judicial interpretation of a statute. *See*, *e.g.*, *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1570 (Fed. Cir. 1993) ("it is fundamental jurisprudence that the statute's *objective* meaning and effect were fixed when the statute was adopted[; a]ny later judicial pronouncements simply explain, but do not create, the operative effect") (italics in original).

Optimus argues that Customs is acting in a merely ministerial role in the collection of retaliatory duties. But, if Optimus is not challenging Customs' liquidation of its entries, the only other agency determination possibly at issue would be the decision of the Office of the United States Trade Representative to impose retaliatory duties. That decision occurred before final liquidation in this case, so even under such a conception of the nature of Optimus's claim, jurisdiction is still lacking as to the remaining entries in dispute. The only plausible agency action or decision Optimus contests, thus, is Customs' liquidation of its entries that included the retaliatory duties. At liquidation, Customs decided the imposition of those duties was "final," and at that point Optimus's cause of action (to challenge that agency action and/or decision) accrued. Optimus has not presented any valid basis for the relief it is essentially requesting, which is to "undo" liquidation or order reliquidation.

Accordingly, because Optimus did not file its complaint within two years of the date of accrual of its cause of action as required by 28 U.S.C. § 2636(i), the Court cannot grant Optimus's prayer for relief with respect to the remaining entries. These were all apparently liquidated prior May 17, 2009.

On the other hand, the government's position has been that the statute of limitations operates as a jurisdictional bar to Optimus's claims beyond the two-year window. Such a stance must be rejected as conflicting with the plain language of 28 U.S.C. 2636(i), *i.e.*, "[a] civil action of which the Court of International Trade has jurisdiction under section 1581[.]" *See Parkdale Intern., Ltd. v. United States*, 31 CIT 1229, 1238 n.6, 508 F. Supp. 2d 1338, 1349 n.6 (2007). The government's motion to dismiss will therefore be granted pursuant to USCIT Rule 12(b)(5).

Judgment will enter accordingly.

    /s/ R. Kenton Musgrave
    R. Kenton Musgrave, Senior Judge

Dated: December 9, 2011
    New York, New York

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
|---|---|---|
| OPTIMUS, INC., d/b/a MARKYS CAVIAR, | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
|  | : | Court No. 11-00152 |
| UNITED STATES, | : | |
| Defendant. | : | |

**JUDGMENT**

This action having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; Now therefore, in conformity with said decision, it is

**ORDERED, ADJUDGED and DECREED** that defendants' motion to dismiss be, and hereby is, granted; and it is further

**ORDERED, ADJUDGED and DECREED** that the remainder of this action not covered by the parties' stipulated partial judgment be, and hereby is, dismissed without prejudice.

/s/  R. Kenton Musgrave
R. Kenton Musgrave, Senior Judge

Dated: December 9, 2011
        New York, New York